Nott, J.
delivered the opinion of the Court.
The .question submitted to the consideration of the Court in this case is, whether the evidence was sufficient to rebut the presumption of payment arising from lapse of time.
The generally received opinion seems to have been, that the acknowledgement or promise of one copartner to pay a debt of the concern, even after the dissolution of the copartnership, would be binding on the rest. And so of joint contractors or obligors; the promise of one has been held to prevent the ope *173 ration of the statute of limitations in favour of any of the parties. On that subject the case of Whitcomb v. Whiting, Doug. 652, has been considered a leading authority: and the doctrine there laid down has been countenanced by our Courts, in more than ^ one instance. Simpson & Morrison ads. Geddes, 2 Bay, 533. Briggs v. Ex’rs. of Starke, 2 Mill, 111. Veale v. Hassau & Archer, 3 M‘C. 278.
The authority of Whitcomb v. Whiting, however, has been very much weakened by several modern decisions. See Brandram v. Wharton, 1 Barn. & Ald. 463. Bell v. Morrison, 1 Peters, 351. In the latter case, Judge Story, lays it down, that the promise of one copartner, after dissolution of the copartnership, will not revive a defat, against the other partners, which has been barred by the statute. 1 Peters, 371. And I am fully prepared to express my concurrence in that opinion. Whether the subsequent promise be considered a new contract, or the revival of an old one which had become dead in law, is in my view perfectly immaterial. It goes to create a liability, not then in existence ; and therefore the principle is precisely the same. One person cannot make another liable for a debt without his authority or assent.
But whether one may keep alive a debt not yet barred, by subsequent promises, or payments, is a distinct question; and one on which much may be said, and a difference of opinion exist. My present impression is, that such acknowledgements or promises must be received in evidence; and the effect of it decided with reference to all the circumstance of the. case. If, for instance, on the dissolution of a copartnership, the settlement of the affairs of the concern, and the receipt and payment of the debts should be assigned to one or more of the copart-ners; it would seem to be implied, that they might, by promises and partial payments, keep alive debts beyond the ordinary period of the statute of limitations, or make such other terms as would be conducive to the interest of all concerned. One might under such circumstances be considered as the agent of all; and all, therefore, would be bound by his promise. A similar promise from one having no such authority, and particularly if insolvent, ought on the contrary to be considered as unauthorized, and of little weight or influence. And within these two ex *174 tremes evidence of every shade of distinction may be supposed to exist.
In the present case the evidence appears to have been submitted to the jury: and although the instructions of the judge are represented as having been conveyed in strong language; yet I presume it was no more than an expression of the opinion which he entertained of the evidence, which he had a right to express, and which he left to the jury for their consideration. An action having been brought on the bond, within five years after it became due, against one of the obligors, and judgment confessed by him, might perhaps lead one to presume that the debt had not then been paid: but omitting to stir the matter again, for fourteen years after the return of nulla bona, very well authorized a contrary presumption. I am of opinion, therefore, that under all these circumstances the jury might very well allow this defendant the benefit of the legal presumption of payment; and that the motion for a new trial must be refused.
Motion refused.